UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

PATRICK WAYNE DELLELO,

    Plaintiff,

    v.

SHELLEE KAE HOOVER, *et al.*,

    Defendants.

Case No. C09-1396RSL

ORDER DENYING MOTION
FOR RECONSIDERATION

This matter comes before the Court on plaintiff's motion for reconsideration of the Court's November 18, 2009 order dismissing his case based on the domestic relations exception to federal court jurisdiction (Dkt. #9). "Motions for reconsideration are disfavored. The Court will ordinarily deny such motions in the absence of a showing of manifest error in the prior ruling or a showing of new facts or legal authority which could not have been brought to its attention earlier with reasonable diligence." Local Rule 7(h).

In this case, plaintiff's motion is untimely. Pursuant to the Court's rules, the motion was due by December 3, 2009, but plaintiff did not sign and file it until December 8, 2009. Even if the Court were to grant plaintiff an additional three days because the order was mailed to him, his response would have been due on December 7, 2009. Therefore, the motion is denied as untimely.

ORDER DENYING MOTION
FOR RECONSIDERATION - 1

Even if plaintiff's motion were timely, it would not justify reconsideration. Instead, plaintiff's motion further demonstrates that the primary relief he is seeking is a change to the state court's custody order involving his minor daughter. That relief falls squarely within the domestic relations exception. In his motion, plaintiff alleges several new theories to obtain that relief, but at the end of the day, the primary relief sought is a change in the custody determination.

Moreover, none of plaintiff's theories is "new;" he could have alleged them earlier. In fact, the Court previously ordered plaintiff to show cause why the case should not be dismissed based on the domestic relations exception and ordered, "If plaintiff is asserting wrongs that would not require this Court to interfere in the state's custody determination, plaintiff must state the facts giving rise to such claims." (Dkt. #5). Plaintiff did not provide such facts in response. Newly minted theories and claims do not justify reconsideration.

In addition, plaintiff's new theories fail to state a claim. Plaintiff contends that defendants violated two federal statutes, 18 U.S.C. §§ 241 & 242, but neither provides a private right of action. He also contends that defendants violated his due process rights, but he does not identify the process he was denied. Plaintiff also asserts a new equal protection claim based on an allegation that the mother of the child received assistance from the county but he did not. Plaintiff does not, however, contend that he sought or was denied assistance.

For all of the foregoing reasons, the Court DENIES plaintiff's motion for reconsideration. (Dkt. #10).

DATED this 30th day of December, 2009.

Robert S. Lasnik
United States District Judge

ORDER DENYING MOTION
FOR RECONSIDERATION - 2